Contrary to the plaintiffs contentions, it failed to tender sufficient evidence demonstrating the absence of material issues as to its strict compliance with RPAPL 1304 (see Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 105-106 [2011]). As the plaintiff concedes, its notice to the homeowners required by RPAPL 1304 contained a factual inaccuracy. The plaintiffs failure to make a prima facie showing of strict compliance with RPAPL 1304 requires denial of its motion for summary judgment, regardless of the sufficiency of the opposing papers (see Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 106; Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Based on the same evidence, the defendants Neil H. DePasquale and Deborah L. DePasquale on their cross motion, in effect, for summary judgment, established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them. In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly denied the plaintiffs motion for summary judgment and granted the DePasquales’ cross motion for summary judgment dismissing the complaint insofar as asserted against them.
The plaintiffs remaining contention need not be reached in light of our determination. Rivera, J.E, Balkin, Hall and Sgroi, JJ., concur.